**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                    Date: May 1, 2026

Title: Emily A. Chasse v. Wieland Metal Services, LLC, et al.

PRESENT:                    THE HONORABLE DAVID O. CARTER, JUDGE

Karlen Dubon                                        Not Present
Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFF:                                            DEFENDANT:
None Present                                          None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of San Bernardino.

**I.    Background**

This is an employment action. Plaintiff Emily A. Chasse ("Plaintiff") worked as a employee for Defendants Wieland Metal Services, LLC and Wieland North America, Inc. ("Defendants"). Complaint ("Compl.") (Dkt. 2-1) ¶¶ 2-3, 9. Plaintiff began working for Defendants as an Sales Administrator and Expeditor on September 11, 2023. Compl. ¶ 12.

Plaintiff has multiple sclerosis, a condition requiring ongoing treatment and regular appointments with her neurologist. *Id.* ¶ 14. She became pregnant around the beginning of 2024, which she disclosed to both her direct supervisor, Defendant Kris Venales ("Venales"), and the HR department. *Id.* Her pregnancy was categorized as high risk because of her multiple sclerosis, among other conditions. *Id.* Following, this disclosure of her pregnancy Defendants began forcing Plaintiff to use her vacation nand sick time to cover her medical appointments. *Id.* ¶ 15. They also increased their monitoring and surveillance of Plaintiff's work, and began scheduling one-on-one meetings where they asked her questions about her health. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                              Date: May 1, 2026
                                                                        Page 2

On May 16, 2025, Plaintiff's doctor placed her on medical leave due to the stress of her work environment and her high-risk pregnancy. *Id.* ¶ 19. Plaintiff gave birth to her son on September 22, 2025 and she was approved for leave through November 25, 2025. *Id.* ¶ 20. During this leave, she filed an HR complaint citing improper surveillance of her duties, micro-mangement, and invasive questioning about her health. *Id.* Plaintiff found HR's response ot her complaint unsatisfactory as it mainly consitsted of conclusions, rather than proposed changes. *Id.* ¶ 21. Plaintiff ultimately resigned from her role with Defnedants on November 24,2025, citing that she did not feel comfortable returning to the work environment. *Id.* ¶ 22.

Plaintiff originally filed suit in the Superior Court of California, County of San Bernardino, on March 4, 2026 against Defendants and Venales. *See* Compl. Plaintiff served Defendants on March 25, 2026. Notice of Removal ("Not.") ¶ 4. Defendants removed the case to this Court on April 28, 2026. *See generally* Not.

Plaintiff brings 13 causes of action for : (1) Gender/Sex Discrimination (Gov't Code section 12940(a)); (2) Disability Discrimination (Gov't Code section 12940(a)); (3) Pregnancy Discrimination (Gov't Code section 12940(a)); (4) Intersectional Discrimination Based on Gender, Sex, Disability, and Pregnancy (Gov't Code section 12940(a)); (5) Failure to Provide Reasonable Accommodation (Gov't Code section 12940(m)); (6) Failure to Engage in the Interactive Process (Gov't Code section 12940(h)); (7) Retaliation for Protected Activity (Gov't Code section 12940(h)); (8) Whistleblower Retaliation for Reporting Privacy Violations (Labor Code section 1102.5); (9) Harassment and Hostile Work Environment (Gov't Code section 12940(j)); (10) Failure to Prevent Discrimination, Harassment, and Retaliation (Gov't Code section 12940(k)); (11) CFRA Interference (Gov't Code section 12945.2); (12) Retaliation for Exercising CFRA Rights (Gov't Code section 12945.2); (13) Constructive Discharge in Violation of Public Policy; (14) Violation of the Confidentiality of Health or Medical Information (Civil Code of Procedure sections 56.10, 56.20, and 56.35); (15) Intrusion into Private Affairs; (16) Intentional Infliction of Emotional Distress; and (17) Negligent Hiring, Supervision, and Retention. *See generally* Compl.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                                                 Date: May 1, 2026
                                                                                                    Page 3

the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                                    Date: May 1, 2026
                                                                              Page 4


While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.   Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Not. ¶ 11. The Court disagrees.

Plaintiff does not expressly allege an amount in controversy over $75,000. Not. ¶ 32; *see generally* Compl. Accordingly, Defendants must show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d at 1106-07; *Guglielmino*, 506 F.3d at 699.

Defendants have not met its burden to show that the amount in controversy requirement is satisfied. The Court only considers lost wages in the period from termination until removal. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court *may grant* on that complaint *if the plaintiff is victorious*") (emphasis added). Here, Plaintiff's employment with Defendants

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                          Date: May 1, 2026

                                                                          Page 5

ended on November 24, 2025. Not. ¶ 35(a); Compl. ¶ 22, and the case was removed on April 28, 2026, *see generally* Not. At the time of Plaintiff's termination, Defendants claim she was earning an annual salary of $56,650.10. Not. ¶ 35(a). Plaintiff's weekly salary is thus $1,089.43.[1] Accordingly, Plaintiff's past economic damages at the time of removal are $24,119.98.[2] *See* Not. ¶ 35(a) (calculating an even lower amount of $20,699.07 in lost wages). Plaintiff's lost wages of $24,119.98 do not reach the required $75,000 minimum.

Defendants also ask the Court to include emotional distress damages, attorneys' fees, punitive damages, . *Id.* ¶¶ 35(b)-(d). However, this Court does not include these types of speculative damages or fees when calculating the amount in controversy. *See Traxler*, 596 F.3d at 1011; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Because Defendants have not satisfied their burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[3] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any

---

[1] $56,650.10/year ÷ 52 weeks = $1,089.43.

[2] $1,089.43/week x 22.14 weeks = $24,119.98.

[3] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-02118-DOC-AJR                                    Date: May 1, 2026
                                                                                                    Page 6

potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

Furthermore, it appears that Defendants' removal may be untimely. There are 34 days between March 25, 2026 and April 28, 2026. This is beyond the 30-day timeline for removal. *See* 28 U.S.C. § 1446(b). While the Court does not remand on this basis, it serves as an alternate reason for why this matter should proceed in state court.

## IV.     Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of San Bernardino County. The Scheduling Conference set for 6/22/2026 is hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                              Initials of Deputy Clerk: kdu
CIVIL-GEN